UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GRIFO & COMPANY, PLLC,

    Plaintiff,

v.                                              Case No. 20-10858

CLOUD X PARTNERS HOLDINGS, LLC,
f/k/a INSYNQ, LLC,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND DIRECTING PLAINTIFF TO FILE NOTICE OF SATISFACTION OF AWARD**

    Plaintiff Grifo & Company, PLLC, brought this action in February 2020 for breach of contract, negligence, and gross negligence. (ECF No. 1-1, PageID.16-21.) Defendant Cloud X Partners Holdings, LLC, provided "virtual desktop and cloud data-hosting services," which Plaintiff utilized to store business data. (*Id.*, PageID.10-11, ¶¶ 20-27.) Defendant was subject to a cyberattack and Plaintiff's data was damaged or lost. (*Id.*, PageID.12, ¶ 32.)

    The case was originally filled in Oakland County Circuit Court, and Defendant removed the case to federal court on April 2, 2020. (ECF No. 1.) In the notice of removal, Defendant asserted that Plaintiff was a Michigan LLC all members of which were citizens of Michigan. (*Id.*, PageID.2.) Defendant stated it was a Delaware LLC whose members included "various individuals, limited liability companies, limited partnerships, trusts[,] and corporations." (*Id.*) According to the notice of removal, none of Defendant's members were citizens of Michigan, incorporated in Michigan, had a

principal place of business in Michigan, or had any members who were citizens of Michigan. (*Id.*) Thus, Defendant claimed the parties had completely diverse citizenship. (*Id.*, PageID.3.)

Defendant moved to dismiss the complaint on April 9, 2020, (ECF No. 3), and on September 9, 2020, the court granted in part and denied in part the motion. (ECF No. 10.) After the opinion was issued, the court held a telephonic scheduling conference on September 30, 2020. At the conference, Plaintiff indicated concerns that it and Defendant's members may not have completely diverse citizenship. The court directed the parties to investigate and discuss the issue, and to report "the results of the parties' discussions" at a conference scheduled for a later date. (*See* ECF No. 18.) At a follow-up status conference on October 7, 2020, Defendant informed the court that one of its members was a citizen of Michigan. The parties were, in fact, not diverse.[1]

After Defendant discovered diversity was lacking, the parties agreed to remand the case to Oakland County Circuit Court. (ECF No. 20.) The parties acknowledged in a stipulated order that "the [c]ourt does not have [j]urisdiction [because] one of Defendant's members is a citizen of Michigan." (*Id.*, PageID.213.)

Plaintiff now moves for attorney fees resulting from Defendant's removal. (ECF No. 22.) Defendant has filed a response. (ECF No. 23.) The court has reviewed the

---

[1] "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Plaintiff's motion will be granted in part.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Grp.*, 546 U.S. 132, 141 (2005). "[A]n award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was fairly supportable, or where there has not been at least some finding of fault with the defendant's decision to remove." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059-60 (6th Cir. 2008) (quotations removed).

Plaintiff contends that Defendant possessed information concerning its membership from the time the case was removed to this court. (ECF No. 22, PageID.220-21.) According to Plaintiff, only after the court's September 30 telephonic conference was Defendant "forced to admit that one of its members is a citizen of Michigan and removal was improper." (*Id.*, PageID.221.)

Defendant asserts it conducted "a review of all its [m]embers before filing the removal." (ECF No. 23, PageID.259.) Defendant contends that the member in question had been a citizen of another state since Defendant's founding in 2015. (*Id.*) Counsel was apparently unaware, despite its review, that the member in question had changed citizenship; the member did not inform Defendant of the change or instruct Defendant to correct the contact information in Defendant's corporate records. (*Id.*) According to Defendant, even as late as last summer, Defendant was still unaware of the change of

3

address, as it sent the member's tax returns to the earlier address in July 2020, well after this case was removed to federal court. (*Id.*)

Defendant has not attached documents or evidence to substantiate these assertions. Parties and their attorneys may "present to the court a pleading, written motion, or other paper" only by "certify[ying] . . . after an inquiry reasonable under the circumstances . . . [that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Defendant asserts it did not know its members lacked diversity when it filed its notice of removal. But subjective intent and knowledge are not the basis of the court's inquiry. The removing party must have "an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141; *see also Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 873 (N.D. Ohio 2008) (emphasis in original) ("The analysis inquires as to the *objective* reasonableness, not the *subjective* reasonableness of the remover's actions."). Defendant alleged without qualification that none its members were citizens of Michigan. (ECF No. 1, PageID.2.) Only upon further inquiry at the prodding of the court, Defendant became aware that this allegation lacked evidentiary support. Despite claiming, without supporting evidence, that its business records were out of date, (ECF No. 23, PageID.259), Defendant leaves unexplained why it did not reach out to its members and directly confirm citizenship before making an unambiguous assertion of jurisdiction. Defendant was able to determine its members' citizenship after undertaking an investigation in September 2020, which indicates that Defendant did not make a reasonable inquiry before seeking removal. *See* Fed. R. Civ. P. 11(b).

4

Defendant's misstatement wasted the court's time and imposed unnecessary legal costs on Plaintiff. Viewing Defendant's actions from the perspective of an objectively reasonable person, *Martin*, 546 U.S. at 141, the court finds that Defendant undertook less than a full and complete investigation prior to removal, and its notice of removal was not "fairly supportable." *Warthman*, 549 F.3d at 1059-60.

Defendant presents several arguments against an award of attorney fees. First, it asserts, in addition to diversity jurisdiction, the court had federal question jurisdiction over this case. (ECF No. 23, PageID.260-61.) The court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012) (quoting 28 U.S.C. § 1331). Plaintiff did not bring federal claims. Instead, Defendant argues a federal question existed because Plaintiff alleged the Federal Trade Commission Act created a legal duty under state negligence law. (ECF No. 1-1, PageID.18, 20; ECF No. 23, PageID.260-61.) Plaintiff also alleged a legal duty was established through state common law. (ECF No. 1-1, PageID.18, 20.) Putting aside the debatable contention that Plaintiff's state claim arises under federal law by relying, in part, on a federal statute to establish a duty, Defendant has already stipulated that "the [c]ourt does not have [j]urisdiction due to the fact that one of Defendant's members is a citizen of Michigan." (ECF No. 20, PageID.213.) If Defendant believed the case arose under federal law, there would be no need for such a stipulation. The court would have had supplemental jurisdiction over Plaintiff's claims, regardless of whether the "federal question" was ultimately resolved. The court has supplemental jurisdiction over "'other [state] claims' in the same case or controversy as a claim within the district court['s] original jurisdiction, *City of Chicago v.*

5

*Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting 28 U.S.C. § 1367(a)), and "supplemental jurisdiction does not disappear when the federal claim that gave rise to original jurisdiction in the first place is dismissed." *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Defendant had multiple opportunities to posit the issue of federal question jurisdiction after the citizenship of Defendant's members became a concern, including at two conferences with the court in September and October 2020. The court will not allow Defendant to avoid responsibility for costs by presenting a novel argument supporting jurisdiction after the case has been remanded.

Defendant next argues that Plaintiff should have challenged the court's jurisdiction sooner. (ECF No. 23, PageID.262-63.) Defendant implies that Plaintiff is at fault for apparently accepting Defendant's unambiguous assertion of jurisdiction. However, Plaintiff's silence at the time does not confer on Plaintiff responsibility for Defendant's faulty removal. Defendant had the obligation to seek removal only when it is "objectively reasonable," *Martin*, 546 U.S. at 141, and Defendant certified that it had made "an inquiry reasonable under the circumstances" when the notice of removal was filed. Fed. R. Civ. P. 11(b). Plaintiff raised the issue of diversity of citizenship within a reasonable time after the case was removed. The court will not deny Plaintiff's request for attorney fees simply because remand was not requested sooner.

Defendant claims that, as a rule, "[f]ees for unsuccessful arguments are not to be compensated." (ECF No. 23, PageID.263.) Defendant cites *Kent State University Board of Trustees v. Lexington Insurance Company* and asserts that Plaintiff here seeks to recover fees for unsuccessful legal arguments. 512 F. App'x 485, 494 (6th Cir. 2013). However, the Sixth Circuit in *Kent State* merely noted that a district court limited an

6

award of attorney fees "for unsuccessful arguments," and the court affirmed the district court's calculation of attorney fees. *Id.* The Sixth Circuit did not endorse the district court's reasoning, nor did the Sixth Circuit establish an unambiguous rule applicable to this case. Instead, the court noted that when a district court "provides a clear and concise explanation of its reasons [the Court of Appeals] afford[s] the district court substantial deference on calculations of the amount of an award." *Id.* at 488. The court will not limit Plaintiff's attorney fees to what Defendant views as successful. Plaintiff will be compensated for the full amount of the costs it "incurred as a result of the removal." 28 U.S.C. § 1447(c).

Plaintiff requests $46,258.00 in attorney fees and costs, and attaches an accounting of the proposed fees. (ECF No. 22, PageID.223; ECF No. 22-2, PageID.230-31.) A reasonable legal fee is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)). "The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Id.* "The district court's calculation of the lodestar value, as well as any justifiable upward or downward departures, deserves substantial deference, but only when the court provides a clear and concise explanation of its reasons for the fee award." *Garner v. Cuyahoga Cnty. Juv. Ct.*, 554 F.3d 624, 642 (6th Cir. 2009).

"The party seeking attorneys fees bears the burden of documenting his entitlement to the award." *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). "The key requirement for an award of attorney fees is that 'the documentation offered in support

7

of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.'" *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008).

Plaintiff's accounting of attorney fees provides reasonable certainty that the proposed fees are accurate and complete. The accounting describes in detail the type of work, the subject matter, the identity of the attorneys, and the calculation of time specified to a tenth of an hour. *See id.* (citing *Anderson v. Wilson*, 357 F. Supp. 2d 991, 999 (E.D. Ky. 2005)) (noting that courts have approved attorney fees when a party has provided "statements describing the subject matter, the attorney, the time allotment, and the charge for all work done"). (ECF No. 22-2, PageID.230-31.)

The court will award Plaintiff the legal fees it incurred in litigating this dispute in federal court, but will exclude costs that would have been incurred even if the case were not removed. *See, e.g., Crown v. PHI Air Med., LLC*, Case No. 15-10180, 2015 WL 3409010 (E.D. Mich. May 27, 2015) (Drain, J.) (excluding fees for work "that would have been required of [the plaintiffs'] counsel notwithstanding the improper removal"). The court will exclude work for "[a]nalysis of [Defendant's] answer, affirmative defenses, and counterclaim." (ECF No. 22-2, PageID.231.) Those are basic elements of civil litigation, and Plaintiff would have required legal services to review such filings even if the case had not been removed.

The court will allow Plaintiff to recover attorney fees for the briefing of Defendant's April 9 motion to dismiss, which, although not surprising but worthy of note, relies exclusively on federal law and federal standards to review the sufficiency of

Plaintiff's pleadings (*See* ECF No. 3, PageID.62 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).) The court is not convinced that Plaintiff would have incurred those expenses had the case not been removed. The court cannot know whether Defendant would have moved to dismiss if the case had then resided in state court, although it certainly would have been oriented to state standards and procedures. Defendant will bear the cost of the risk and uncertainty created by its improvident removal. The remainder of Plaintiff's fees, which include tasks such as obtaining admission to federal court and drafting the instant motion for attorney fees, are reasonable. (ECF No. 22-2, PageID.230-31.) Further, the hourly rates of Plaintiff's attorneys are fair, and Defendant does not dispute their reasonableness. (*See id.*, PageID.231 (listing hourly rates of $575 and $465 per hour).)

Excluding legal expenses for "[a]nalysis of [Defendant's] answer, affirmative defenses, and counterclaim," which total $2,257.50 (ECF No. 22-2, PageID.231), the final award of attorney fees will be $44,000.50. That amount adequately compensates Plaintiff for the fees and costs "incurred as a result of the removal." 28 U.S.C. § 1447(c). Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Attorney Fees and Costs" (ECF No. 22) is GRANTED IN PART. Defendant and its attorneys Lee Janiczek and John R. Christie are ORDERED pay Plaintiff, jointly and severally, $44,000.50 in attorney fees by **March 22, 2021**.

IT IS FURTHER ORDERED that Plaintiff is DIRECTED file a Notice of Satisfaction of its awards directly after their receipt.

s/Robert H. Cleland          /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: February 22, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 22, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner          /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-10858.GRIFO.MotionforAttorneyFeesandCosts.RMK.2.docx